IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| NEW CENTURY TRS HOLDINGS, INC., | ) | Bank. No. 07-10416(KJC) |
| a Delaware Corporation, et al., | ) | Adv. No. 09-52251(KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |

| | | |
|---|---|---|
| ANITA B. CARR, | ) | |
| | ) | |
| Appellant, | ) | Civ. No. 12-288-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| ALAN M. JACOBS, as liquidating trustee | ) | |
| of the New Century Liquidating Trust, | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM ORDER

At Wilmington this 25th day of March, 2013, having reviewed the papers

submitted in connection with the above captioned appeal:

IT IS ORDERED that the above captioned appeal is dismissed and the orders of

the bankruptcy court are affirmed, for the reasons that follow:

1. **Standard of review**. This court has jurisdiction to hear an appeal from the

bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues

on appeal, the court applies a clearly erroneous standard to the bankruptcy court's

findings of fact and a plenary standard to that court's legal conclusions. *See American*

*Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999).

With mixed questions of law and fact, the court must accept the bankruptcy court's

"finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary

review of the [bankruptcy] court's choice and interpretation of legal precepts and its

application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a *de novo* basis bankruptcy court opinions. *See In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Background**. In April 2007, New Century TRS Holdings, Inc. ("TRS Holdings") and its affiliates (collectively, "debtors"[1]) filed chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the District of Delaware ("bankruptcy court") in Bank. No. 07-10416(KJC) (the "bankruptcy proceeding"). *See In re New Century TRS*

---

[1]Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; and NCoral, L.P., a Delaware limited liability partnership. (bankruptcy proceeding, D.I. 8254 at 1 n.1) "Debtors" also include New Century Warehouse Corporation (a/k/a Access Lending), a California corporation, which filed its voluntary chapter 11 petition on August 3, 2007. (*Id.*)

*Holdings, Inc.*, 407 B.R. 675 (D. Del. 2009). On October 5, 2009, appellant Anita B.

Carr ("appellant") commenced Adv. No. 09-52251(KJC) ("the adversary proceeding") by

filing a complaint against the debtors asserting claims for: (1) fraudulent conveyance;

(2) violation of chapter 11 of the Bankruptcy Code; (3) fraudulent misrepresentation and

negligence; (4) violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.;* (5)

violation of the Business and Professions Code Section 17200 *et seq.;* (6) violation of

the Real Estate Settlement Procedures Act, 12 U.S.C. 2605; and (7) quiet title to real

property. *See* Adv. No. 09-52251(KJC); *In re New Century Holdings, Inc.*, 2011 WL

1792544 (Bankr. D. Del. May 10, 2011). The claims arose out of a loan transaction

between the appellant and debtor Home 123 Corporation that took place on or about

January 25, 2006. *Id.* The property has since been the subject of a foreclosure sale.

 3. On November 10, 2009, appellee trustee Alan M. Jacobs ("appellee") filed a

motion to dismiss the adversary proceeding pursuant to Fed. R. Civ. P. 12(b)(6),

opposed by appellant. *Id.* In addition, in the bankruptcy proceeding, appellant filed an

unliquidated unsecured claim against the debtors on August 24, 2009 ("proof of claim"),

and a motion to consider her claim timely filed. (Bank., D.I. 9975) On January 20,

2010, with the consent of appellee, the bankruptcy court entered an order granting the

motion to consider appellant's proof of claim as timely filed. (Bank., D.I. 10017)

 4. Appellant and appellee entered into a settlement on or about October 5, 2010

wherein appellee agreed to pay appellant a settlement sum of $60,000 "in full and final

satisfaction of the causes of action and any other claim(s) that [appellant] may have

against the Debtors or the Trust." *In re New Century Holdings, Inc.*, 2011 WL 1792544.

The settlement sum, paid to appellant, was consideration for the full and final settlement of all claims appellant had against the trust and the debtors through appellant's release of the debtors, the trust, the trustee, the plan advisory committee, and their respective retained professionals of and from "any and all claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities." *Id.*; *see also* (Adv., D.I. 3, ¶ 5) The settlement agreement further provided that, to the extent a dispute arose between the parties at any time after the full execution of the settlement agreement, "the Parties consent and subject themselves to the jurisdiction of this United States Bankruptcy Court, District of Delaware in front of the Honorable Kevin J. Carey to resolve such dispute(s)." *Id.* at ¶ 7. On November 2, 2010, in accordance with the terms of a settlement agreement, appellant filed the notice of dismissal of the adversary proceeding with prejudice. *In re New Century Holdings, Inc.*, 2011 WL 1792544. The adversary proceeding was closed on November 3, 2010, and its closing was docketed in the bankruptcy proceeding on the same date.

5. On December 13, 2010, appellant filed a request to stay the dismissal and for evidentiary hearing. *Id.* On March 9, 2011, appellant filed a motion for an order to show cause. (Adv., D.I. 65) An evidentiary hearing was held on April 20, 2011, and on May 10, 2011, the bankruptcy court denied the request for stay. *In re New Century Holdings, Inc.*, 2011 WL 1792544. The adversary proceeding was reopened and closed the same day, May 11, 2011. On May 18, 2011, appellant timely filed her first motion for reconsideration, denied by the bankruptcy court on December 7, 2011. *See In re New Century Holdings, Inc.*, 2011 WL 6097910 (Bankr. D. Del. Dec. 7, 2011).

Appellant timely filed a second motion for reconsideration on December 14, 2011,

seeking reconsideration of the December 7, 2011 order. On December 15, 2011,

appellant filed a notice of appeal of the order denying the first motion for

reconsideration. *See In re New Century Holdings, Inc.*, 2012 WL 38974 (D. Del. Bankr.

Jan. 9, 2012) (noting that the appeal was not effective entry of the order disposing of

the second motion for reconsideration). On January 9, 2012, the bankruptcy court

denied the second motion for reconsideration. *In re New Century Holdings, Inc.*, 2011

WL 1792544. Appellant timely filed an amended notice of appeal on January 17, 2012.

(*See* D.I. 1)

6. Appellant raises the following issues for review: (1) whether the bankruptcy

court lacked the constitutional authority to adjudicate appellant's claims, and whether

the bankruptcy court erred by submitting proposed findings and conclusions;

(2) whether the bankruptcy court erred in failing to grant appellant due process;

(3) whether the bankruptcy court erred by failing to apply the current law to the matters

with NCLT (i.e., New Century Liquidating Trust); (4) whether the bankruptcy court erred

in its application of the 2008 global orders for relief from stay, abused its discretion,

erred by its reinterpretation of the 2008 global orders for relief from stay in 2011, and

whether the 2008 global orders for relief from stay are contrary to law on their face;

(5) whether the bankruptcy court erred by failing to acknowledge new evidence of

"robo-signing," "robo-notary," and other fraudulent acts subsequent to settlement;

(6) whether the bankruptcy court erred by failing to fairly examine the parameters of the

settlement agreement and settle the dispute, and whether the bankruptcy court erred by

ignoring legal detriment and fraud; (7) whether the bankruptcy court erred by failing to

5

advise appellant that it may have a conflict of interest, and should the bankruptcy judge have recused himself; and (8) whether the bankruptcy court is prejudiced against homeowners. Portions of issue 2 and issues 3, 7, and 8 were not raised by appellant in her request to stay the dismissal and for evidentiary hearing, the motion for an order to show cause, or in either of the motions for reconsideration and, therefore, are not properly before this court. Appellee's counter-statement raises two issues on appeal: (1) whether the bankruptcy court properly denied appellant's first motion for reconsideration pursuant to Fed. R. Civ. P. 59(e); and (2) whether the bankruptcy court properly denied appellant's second motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).

7. **Authority of bankruptcy court**. "[T]he district courts of the United States have 'original and exclusive jurisdiction of all cases under title 11.'" *Stern v. Marshall*, __U.S.__, 131 S.Ct. 2594, 2603 (2011) (quoting 28 U.S.C. § 1334(a)). District courts have original, but not exclusive, jurisdiction of "civil proceedings arising under title 11, or arising in title 11 cases, or related to those cases." 28 U.S.C. § 1334(a). Congress has divided bankruptcy proceedings into three categories: (1) those that "aris[e] under Title 11"; (2) those that "aris[e] in" a Title 11 case; and (3) those that are "related to a case under title 11." *Stern*, 131 S.Ct. at 2603 (quoting 28 U.S.C. § 157(a)). Congress has authorized the district courts to "refer any or all such proceedings to the bankruptcy judges of their district." *Id.*

8. A bankruptcy judge's authority varies depending "on the type of proceeding involved." *Stern*, 131 S.Ct. at 2604. The bankruptcy code identifies sixteen types of

core proceedings. *See* 28 U.S.C. § 157(b)(2). "Bankruptcy judges may hear and enter final judgments in 'all core proceedings arising under title 11, or arising in cases under title 11.'" *Stern*, 131 S.Ct. at 2604 (quoting 28 U.S.C. § 157(b)). "Parties may appeal from final judgments of a bankruptcy court in core proceedings to the district court, which reviews them under traditional appellate standards." *Id.* at 2603-04.

9. This matter falls within the ambit of § 157(b)(2)(B), and the parties do not dispute that this is a core proceeding.[2] Appellant, however, relies upon *Stern, supra*, to argue that the bankruptcy court had no authority to adjudicate her claim of fraudulent inducement of settlement. In *Stern*, the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." *Stern*, 131 S.Ct. at 2620. Having considered *Stern* and its progeny, the court adopts the narrow construction of *Stern* and its holding, that is, that *Stern* is restricted to the case of a "state-law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim" as set forth in 28 U.S.C. § 157(b)(2)(C). *Stern*, 131 S.Ct. at 2620.

_____

[2]Approval of a settlement is "core" to the bankruptcy code. *See In re WorldCom, Inc.*, 347 B.R. 123, 138 (Bankr. S.D.N.Y. 2006) (finding jurisdiction to approve settlement agreement); *In re Harris*, 590 F.3d 730 (9th Cir. 2009) (explaining that matters involving the implementation of the parties' settlement agreement was within bankruptcy court's core jurisdiction). *Stern*, 131 S.Ct. 2594, and its narrow limit on bankruptcy court jurisdiction does not extend to the compromise and settlement of a claim which is "indisputably property of a debtor's estate." *In re Ambac Fin. Group, Inc.*, 457 B.R. 299, 308 (Bankr. S.D.N.Y. 2011) (overruling *Stern v. Marshall*-based objections and approving settlement and release of claims under Fed. R. Bankr. P. 9019); *see also In re Madoff*, 848 F.Supp. 2d 469, 484 (S.D.N.Y. 2012) (finding that *Stern* did not impact the bankruptcy court's authority to approve a settlement agreement).

10. Here, the bankruptcy court approved a settlement between appellant and appellee that initially resulted in dismissal of Adv. No. 09-52251(KJC) and settled all claims.[3] (Bank., D.I. 10244; Adv., D.I. 52, 63) The terms of the settlement agreement provide that the parties "consent and subject themselves to the jurisdiction" of the bankruptcy court to resolve disputes, to the extent a dispute arose subsequent to execution of the settlement agreement. (Adv., D.I. 63) In addition, appellant, in her request for dismissal dated November 1, 2010, stated, "should any disputes or other discrepancies or any portion of the settlement be deemed unenforceable, or unlawful," the bankruptcy court retains jurisdiction to address those matters. (Id. at D.I. 52) Finally, during the April 20, 2011 evidentiary hearing, appellant acknowledged that the parties consented to the jurisdiction of the bankruptcy court in the settlement agreement. (Bank., D.I. 10466 at 71)

11. The bankruptcy court had jurisdiction over the matter pursuant to 28 U.S.C. § 1334 and § 157(a); the parties' dispute was a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(B). The parties consented to the jurisdiction of the bankruptcy court. The bankruptcy court has the constitutional authority to enter the orders appealed by appellant. Appellant's challenge to the bankruptcy court's jurisdiction to determine issues related to settlement of the adversary proceeding is an integral part of the whole appeal. Therefore, the court rejects appellant's position that the bankruptcy court did not have authority to enter orders with regard to settlement issues.

---

[3]In *Stern*, the court observed that a creditor can be held to have agreed to the court's jurisdiction by filing a proof of claim. *Stern*, 131 S.Ct. at 2608.

8

12. **Settlement**. Appellant and appellee entered into a settlement agreement on October 5, 2010, and appellant was paid the agreed settlement amount. Appellant filed a notice of voluntary dismissal with prejudice on November 2, 2010 in accordance with the settlement agreement. The adversary proceeding was closed on November 3, 2010 in accordance with the notice for voluntary dismissal and its dismissal was docketed in the bankruptcy proceeding. On December 13, 2010, appellant filed a request to stay dismissal of the adversary proceeding contending that she had obtained new evidence that demonstrated appellant made false representations to induce her to enter into the settlement agreement (i.e., fraudulent inducement to settle). The bankruptcy court treated the request to stay as a motion to reopen the adversary proceeding. On March 9, 2011, appellant filed a request for a show cause order for the court to require the appellee to show cause why the bankruptcy court should not issue an order staying all proceedings based on documents notarized by certain individuals employed by the debtors and, further, ordering the appellant to produce "notarial journals." At the April 20, 2011 evidentiary hearing, the parties appeared and presented evidence.

13. **Standard for fraudulent inducement to settle**. In resolving the issue of fraudulent inducement to settle, the bankruptcy court applied Delaware state law. The parties do not dispute that Delaware state law governs the analysis.[4] Under Delaware

---

[4]While appellant cites to California law, she does not assign error to the bankruptcy court's choice of law and in construing the release in the settlement agreement in accordance with Delaware law. The bankruptcy court noted that, alternatively, appellant gained no advantage had California law applied. *In re New Century TRS Holdings, Inc.*, 2011 L 1792544, at *4 n.6.

law, to state a claim for common law fraud, a party seeking rescission must demonstrate: (1) a false statement or misrepresentation; (2) with the knowledge the statement was false or made with reckless indifference to the truth; (3) the statement induced the plaintiff to enter the agreement; (4) the plaintiff's reliance was reasonable; and (5) the plaintiff was injured as a result. *Rohm and Haas Elec. Materials, LLC v. Honeywell Intern'l, Inc.*, 2009 WL 1033651 (D. Del. Apr. 16, 2009) (citing *Lord v. Souder*, 748 A.2d 383, 402 (Del. 2000)).[5]

14. Appellant challenges the bankruptcy court's application of the law to the facts to find there was no fraudulent inducement to settle and, therefore, denied the motion to reopen. As this issue presents a mixed question of law and fact, the court applies plenary review of the bankruptcy court's interpretation of legal precepts and its application of those precepts to the facts. *See Mellon Bank, N.A.*, 945 F.2d at 642. Appellant asserts that the bankruptcy court erroneously decided not to set aside the settlement nor to reopen the adversary proceeding when it: (1) failed to acknowledge the new evidence and other fraudulent acts subsequent to settlement; (2) failed to examine the parameters of the settlement agreement and settle the dispute; and (3) ignored legal detriment and fraud.

---

[5]The bankruptcy court cited California law to conclude there was no misrepresentation by appellee. *In re New Century TRS Holdings, Inc.*, 2011 SL 1792544, at * 4 (quoting *Wilke v. Coinway, Inc.*, 257 Cal. App. 2d 126, 64 Cal. Rptr. 845 (Cal. App. 1 Dist.1967) ("A fraudulent misrepresentation is one made with the knowledge that it is or may be untrue, and with the intention that the person to whom it is made act in reliance thereon."). Given the similarity of the law, the outcome is the same when applying either Delaware or California law.

15. The evidence adduced at the hearing does not support appellant's contentions that she was fraudulently induced to enter into the settlement agreement. More specifically, at the time the settlement agreement was signed, appellant's concerns regarding the assignment and authenticity of signatures were raised and discussed by the parties; *i.e.*, any issues regarding the validity of the assignment were known to and asserted by appellant prior to signing the settlement agreement. (Bank., D.I. 10466 at 64-68) Moreover, there is no evidence that appellee made any representations in this regard to appellant that he knew to be untrue or that were, in fact, untrue. (*Id.* at 74-75, 78-87) In sum, because the nature of her fraud claims were well-known to appellant at the time she signed the settlement agreement, there is no basis for a claim of fraudulent inducement to settle. Therefore, the bankruptcy court properly denied appellant's motion to reopen, as well as the request for a show cause order.

16. **Motions for reconsideration**. Following entry of the May 10, 2011 memorandum and order, appellant filed her first motion for reconsideration to consider new evidence and to prevent manifest injustice. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins.*

11

*Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). The denial of a motion for reconsideration is reviewed for an abuse of discretion, but underlying legal determinations are reviewed de novo and factual determinations for clear error. *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 246 (3d Cir. 2010).

17. In appellant's first motion for reconsideration, she contended that: (1) new evidence became available that points to mortgage and bankruptcy fraud; (2) the bankruptcy court should have stayed dismissal of the case; (3) the bankruptcy court ignored the fact that it was being used to conceal assets; and (4) the bankruptcy court denied her right to due process when it did not reopen discovery as to fraud in the settlement agreement. In addition, she sought clarification of the 2008 global relief order as to her ability to pursue claims for fraud against the debtors in another venue. The bankruptcy court denied the motion. Unhappy with denial of the first motion for reconsideration, appellant filed a motion to vacate, alter or amend memorandum on reconsideration and order on reconsideration and request for judicial notice (Adv., D.I. 93, 94, 96) In her second motion for reconsideration, appellant again sought relief on the grounds of new evidence, fraud and misrepresentation in inducing appellant into the settlement agreement, and manifest injustice and equitable grounds for relief.[6]

18. **2008 global relief order**. In 2008, the bankruptcy court entered a global relief order to address the innumerable motions to lift stay being filed in bankruptcy proceedings and to relieve estates from incurring unnecessary costs in connection with such motions. The global relief order terminated the automatic stay to permit lenders to

---

[6]The bankruptcy court analyzed the second motion for reconsideration under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b).

add the debtors or the trust as defendants in non-bankruptcy court actions seeking to adjudicate the debtors' or trust's interest in real property, usually in foreclosure proceedings. *See In re New Century TRS Holdings, Inc.*, 2011 WL 60197910, at *4 (Bankr. D. Del. Dec. 7, 2011). Appellant contends that the bankruptcy court erred in its application of the global relief order for relief from stay, erred in its 2001 reinterpretation of the global relief order, and that the global order is contrary to law. Appellant sought clarification of the global relief order in her first motion for reconsideration, relying upon a decision from the United States District Court for the District of Hawaii, *Uy v. Wells Fargo Bank, N.A.*, 2011 WL 1235590 (D. Haw. Mar. 28, 2011).

19. The bankruptcy court clarified that the global relief order was not designed to allow, and does not permit, parties to pursue claims against the debtors or the trust for monetary damages. (Bank., D.I. 10491) It further noted that *Uy* has caused some confusion, since the complaint at issue in that case included claims for monetary damages. *See In re New Century TRS Holdings, Inc.*, 2011 WL 60197910, at *4 n.8. In the instant matter, the global relief order did not terminate the automatic stay to permit claims for monetary damages against the debtors or the trust, but was designed to allow plaintiffs to add the debtors or the trust as defendants to complaints seeking to determine the debtors' or trust's interest in particular real property. *Id.* at 4. The court finds no error by the bankruptcy court. Indeed, the issuing court is in the best position to provide guidance and clarify orders should the parties require it. *See re New Power Co.*, 438 F.3d 1113, 1119 n.5 (11th Cir. 2006); *Matter of Chicago, Rock Island and*

*Pacific R. Co.*, 860 F.2d 267, 272 (7th Cir. 1988); *Amzura Enterprises, Inc. v. Ratcher*, 18 F. App'x 95, 107 (4th Cir. 2011) (unpublished).

20. **Due process**. Appellant contends that the bankruptcy court violated her right to due process throughout the proceedings. She first contends her due process rights were violated because the bankruptcy court failed to enter a final order. However, the order denying the second motion for reconsideration is a final order. *See In re Brown*, 409 F. App'x 591, 592 (3d Cir. 2011) (unpublished) (denial of a Rule 59(e) motion for reconsideration is a final order). Next, appellant contends error occurred when the bankruptcy court failed to resolve what she terms the "settlement agreement dispute." In ruling upon appellant's motion to stay dismissal of the case, the bankruptcy court resolved all disputes surrounding the settlement agreement.

21. Appellant further asserts that violations of her right to due process occurred when she was not allowed to proceed with discovery or to present certain evidence by reason of the denial of discovery. Discovery was stayed in the adversary proceeding pending resolution of appellant's proof of claim in the bankruptcy proceeding. The parties, however, agreed that discovery would take place under the contested matter, and the parties ultimately resolved all issues through settlement. The bankruptcy court properly found that appellant was not denied due process by going forward consensually on all issues as an objection to her proof of claim while the adversary proceeding was stayed. Finally, appellant contends her right to due process was violated when the bankruptcy court entered its December 7, 2011 decision without benefit of the "briefing binder." It is evident in reading the December 7, 2011

14

memorandum on reconsideration that the bankruptcy court considered all filings submitted by the parties. This assignment of error is without merit.

22. Despite the settlement agreement, appellant's motions for reconsideration sought, in essence, a determination by the bankruptcy court of the underlying merits of appellant's claims. Such determinations are not made upon reconsideration. With respect to the bankruptcy's court decisions denying the first and second motion for reconsideration, the court finds that appellant has not presented any controlling case law, evidence, or information that the bankruptcy court overlooked which would change the conclusions reached by the bankruptcy court. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008).

23. **Conclusion**. For the reasons explained, the bankruptcy court's orders are affirmed, and the appeal therefrom is dismissed.

UNITED STATES DISTRICT JUDGE