IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>NEW CENTURY TRS HOLDINGS, INC.,<br>a Delaware Corporation, et al.,<br><br>Debtors. | Chapter 11<br>Bank. No. 07-10416(KJC)<br>Adv. No. 09-52251(KJC)<br><br>Jointly Administered |
| ANITA B. CARR,<br><br>Appellant,<br><br>v.<br><br>ALAN M. JACOBS, as liquidating trustee<br>of the New Century Liquidating Trust,<br><br>Appellee. | Civ. No. 12-288-SLR |

## MEMORANDUM ORDER

At Wilmington this ⟨17th⟩day of April, 2013, having considered appellant Anita B.

Carr's ("appellant") motion for reconsideration (D.I. 27) and petition for a writ of

mandamus (D.I. 28);

IT IS ORDERED that the motion (D.I. 27) and petition (D.I. 28) are **denied**, for

the following reasons:

1. **Background**.  Appellant moves for reconsideration of this court's March 25,

2013 memorandum order (D.I. 26) affirming the orders of the United States Bankruptcy

Court for the District of Delaware ("bankruptcy court").  In the alternative, she seeks

relief pursuant to Fed. R. Civ. P 60(b).  In addition, appellant seeks mandamus relief for

the bankruptcy court to preserve information and data and to produce discovery.

2. **Motion for reconsideration**. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

3. Appellant has failed to demonstrate any of the aforementioned grounds to warrant reconsideration of the March 25, 2013 memorandum order affirming the orders of the bankruptcy court.

4. **Rule 60(b)**. Alternatively, appellant seeks relief pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all

2

relevant circumstances. *Pierce Assoc. Inc., v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

5. Appellant does not indicate under which section of Rule 60(b) she relies. However, she appears to argue that the court erred in its application of the law. To the extent appellant relies upon Rule 60(b)(1), the Third Circuit has not yet decided whether legal error may be characterized as "mistake" within the meaning of Rule 60(b)(1). *Bernheim v. Jacobs*, 144 F. App'x 218, 221, 223 (3d Cir. 2005) (unpublished). Legal error, without more, cannot justify granting a Rule 60(b) motion. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) (citations omitted); *see also Ibarra v. W.Q.S.U. Radio Broad. Org.*, 218 F. App'x 169, 170 (3d Cir. 2007) (unpublished); *Peterson v. Brooks*, 2007 WL 2306589, at *4 (E.D. Pa. Aug. 9, 2007) ("Petitioner's first argument-that the Court erred in ruling that petitioner's claims were procedurally defaulted-is not properly construed as a 'mistake' under Rule 60(b)(1), or as ground for relief under Rule 60(b)(6).").

6. Relief is also not appropriate under Rule 60(b)(6), to the extent that appellant relies upon it. Rule 60(b)(6) "is a catch-all provision that allows relief for any reason justifying relief from the operation of the judgment." *United States v. Witco Corp.*, 76 F. Supp. 2d 519, 527 (D. Del. 1999). It is within the sound discretion of the trial court to grant or deny relief under this section. *Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986). The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*,

3

280 F.3d 262, 273 (3d Cir. 2002) (internal citations and quotations omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). Rule 60(b)(6) generally requires the movant to make "a more compelling showing of inequity or hardship" than would normally be required to reopen a case under any one of the first five subsections of Rule 60(b). *Project Mgmt. Inst., Inc. v. Ireland*, 144 F. App'x 935 n.1 (3d Cir. 2005) (unpublished).

7. The court thoroughly reviewed the record and the caselaw before affirming the rulings issued by the bankruptcy court. It is evident appellant disagrees with the court's ruling. Regardless, this is an insufficient basis for relief under Rule 60(b)(6).

8. **Petition for writ of mandamus**. Appellant petitions the court to command the bankruptcy court "to preserve and not abandon evidence and to produce" to her certain evidence because she has litigation pending in other courts and, thus, "requires [the] evidence be preserved and not abandoned."

9. To be eligible for mandamus relief under 28 U.S.C. § 1361, appellant must satisfy three conditions. First, she must demonstrate that she has "no other adequate means to attain the relief [s]he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004) (citation omitted). Next, she must carry the burden of showing that "[her] right to the issuance of the writ is clear and indisputable." *Id.* at 381 (citations omitted). Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.*

4

10. Appellant has failed to demonstrate her entitlement to a writ of mandamus. She has not demonstrated that she has no other means tp attain the relief she desires. Nor has she carried her burden to demonstrate that her right to issuance of the writ "is clear and indisputable." *Cheney,* 542 U.S. at 381 (citations omitted).  Issuance of a writ is inappropriate under the circumstances and the petition is frivolous.  Accordingly, the court denies the petition for writ of mandamus.

UNITED STATES DISTRICT JUDGE